U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 28 2015
CLERK, U.S. DISTRICT COURT
By ______ Deputy

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ANDRE STEVENSON,**
**Plaintiff,**

**v.** **No. 3:14-CV-2499-K (BF)**

**FEDERAL DEPOSIT INSURANCE CORPORATION and BANK OF AMERICA,**
**Defendants.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss the Complaint [D.E. 19] ("Motion to Dismiss"). For the following reasons, the undersigned recommends that the Court GRANT FDIC's Motion to Dismiss [D.E. 19].

## BACKGROUND

Plaintiff Andre Stevenson ("Stevenson"), proceeding *pro se*, brings this Title VII discrimination suit alleging that he was wrongfully terminated by Bank of America ("BOA"). *See* Compl. [D.E. 3 at 3]. Stevenson states in his Complaint that he was employed by BOA since July of 2005, but that he was put on leave in November of 2012, because a criminal background check reported a theft by check from 1985. *See id.* [D.E. 3 at 3]. Stevenson contends that the theft by check conviction was expunged by a court in Dallas County. *See id.* [D.E. 3 at 3]. Plaintiff further contends that although he made several attempts to be reinstated at BOA, he was terminated in July of 2013. *See id.* [D.E. 3 at 3]. Plaintiff contends that while a conviction that has been expunged is not considered a conviction of record and does not require an application for reinstatement under Section

19 of the Federal Deposit Insurance Act ("Section 19"), BOA and FDIC failed to comply with this provision, resulting in a violation of his civil rights. *See id.* [D.E. 3 at 3].

On November 6, 2014, FDIC filed its motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss [D.E. 19 at 9-15]. FDIC argues that Stevenson's civil rights and tort claims are barred by the doctrine of sovereign immunity and that he failed to state a colorable claim for relief against FDIC. *See id.* [D.E. 19 at 9-15]. On December 8, 2014, Stevenson filed his response arguing that his claims against FDIC should not be dismissed because FDIC did not assist him in a timely manner and failed to correctly interpret Section 19. *See* Resp. [D.E. 20 at 2].

## STANDARD OF REVIEW

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). If the Court relies on the complaint alone, the court must accept all factual allegations as true. *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the jurisdictional allegations in the complaint are sufficient, then the complaint stands. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th

Cir. 1983). Furthermore, while courts liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

FDIC argues that since agencies of the United States are immune from suit except where there is express consent to be sued, and because there is no such consent for civil rights and tortious interference claims, the only causes of action that Stevenson's claims could be construed as, his claims should be dismissed. *See* Mot. to Dismiss [D.E. 19 at 9-11]. Stevenson appears to allege that BOA and FDIC violated his civil rights by failing to correctly apply Section 19. *See* Compl. [D.E. 3 at 3]. However, civil rights claims against federal agencies "are barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes." *Unimex, Inc. v. U.S. Dep't of Housing & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979); *see also Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity.") (citing *Unimex, Inc.*, 594 F.2d at 1061).

To the extent that Stevenson is alleging a tortious interference claim against FDIC in connection with his employment with BOA, FDIC argues that such a claim also must be dismissed because: (1) claims under the Federal Tort Claims Act ("FTCA") must be brought against the United States, not against the federal agency; and (2) Stevenson failed to exhaust his administrative remedies prior to filing suit in federal court. *See* Mot. to Dismiss [D.E. 19 at 13]. "Pursuant to the FTCA, [claims brought under this act] must be brought against the United States, because FDIC

cannot be sued in its own name." *Perry Williams, Inc. v. FDIC*, 47 F. Supp. 2d 804, 807 (N.D. Tex. 1999). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citing *Gregory v. Mitchell*, 634 F.2d 199, 204-05 (5th Cir. 1981); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975)). While "Federal Rule of Civil Procedure 15(a) evinces a strong bias in favor of granting a motion for leave to amend a pleading," such "leave to amend need not be granted when it would be futile to do so." *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539 (5th Cir. 1980)). FDIC argues that granting leave would be futile here because Stevenson failed to exhaust his administrative remedies nor alleged exhaustion in his Complaint. *See* Mot. to Dismiss [D.E 19 at 13]. Pursuant to Title 28, United States Code, Section 2675, Stevenson is precluded from bringing suit in this Court "unless [he] first presented the claim to the appropriate Federal agency and his claim [was] denied by the agency in writing . . . ." 28 U.S.C. § 2675. Because Stevenson failed to allege in his Complaint that he exhausted his administrative remedies and the record does not demonstrate that he first presented his tort claims to FDIC, Plaintiff's tort claims, to the extent that he is asserting such claims, should be dismissed for lack of jurisdiction. *See Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) ("The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA. . . . Because it is a jurisdictional prerequisite, the filing of a claim in this case with the FDIC cannot be waived.") (citations omitted).

In sum, the undersigned recommends that the Court dismiss Plaintiff's claims against FDIC under Rule 12(b)(1) for lack of subject matter jurisdiction. Because the undersigned finds that the Court should dismiss Plaintiff's claims against FDIC pursuant to Rule 12(b)(1), the undersigned will

not discuss FDIC's argument regarding dismissal under Rule 12(b)(6).

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** FDIC's Motion to Dismiss [D.E. 19].

**SO RECOMMENDED**, this 28 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**NSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).